```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
HLP PROPERTIES LLC., et al.,                                :
                                         Plaintiffs,        :
                                                            :      14 Civ. 01383 (LGS)
                 -against-                                  :
                                                            :      OPINION AND ORDER
CONSOLIDATED EDISON COMPANY OF                              :
NEW YORK, INC.,                                             :
                                         Defendant.         :
------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/5/15

LORNA G. SCHOFIELD, District Judge:

An Order and Opinion dated November 21, 2014, granted in part and denied in part a motion to dismiss filed by Defendant Consolidated Edison Company of New York, Inc. ("Opinion"). *HLP Properties, LLC v. Consol. Edison Co. of New York, Inc.*, No. 14 Civ. 01383, 2014 WL 6604741 (S.D.N.Y. Nov. 21, 2014). By notice of motion filed December 5, 2014, Defendant moves for reconsideration of the portion of the Opinion denying its motion to dismiss Count Two of the Complaint on statute of limitations grounds ("Motion"). Count Two is asserted under § 113 of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601 *et seq.* For the following reasons, the Motion is denied.

The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation and internal quotation marks omitted). "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted). A motion for reconsideration is "not a

vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys*, 684 F.3d at 52 (citation and internal quotation marks omitted). The decision to grant or deny a motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

Defendant contends that the Opinion erred in holding that the statute of limitations on Plaintiffs' § 113 claim began to accrue on the date that certain of the Plaintiffs (the "BCP Plaintiffs") entered into a Brownfield Cleanup Agreement ("BCA") with the New York State Department of Environmental Conservation ("DEC"). That conclusion was premised on: (1) the text of § 113, stating, in pertinent part, that the three-year statute of limitations period for a contribution claim under § 113 accrues on "the date of an administrative order . . . or entry of a judicially approved settlement with respect to such costs or damages," 42 U.S.C. § 9613(g)(3); (2) Second Circuit and other authority holding that a consent order providing for a release of liability contingent upon satisfactory remediation constitutes a "settlement" for purposes of § 113, *HLP Properties*, 2014 WL 6604741, at *4-5; and (3) the language of the BCA, which provides for a release of liability contingent on successful remediation and thereby constitutes a settlement under § 113. *Id.*

The Opinion declined to adopt Defendant's argument that the statute of limitations on Plaintiffs' § 113 claim began to run on the date that a New York state court issued an order requiring the DEC to accept certain of the Plaintiffs into the Brownfield Cleanup Program ("BCP"), the program under the auspices of which the BCA was ultimately concluded. *Id.* Defendant's position, as articulated in its motion to dismiss, was premised on its assertion that the "[a]cceptance of an application is significant because at that point a party becomes an 'Applicant' and that in turn triggers its entitlement to the liability release by operation of law."

2

In rejecting this approach, the Court reasoned that "[w]hile resolution of liability may be the natural and intended consequence of entry into the BCP, an applicant's entry into the program does not itself resolve the applicant's liability and therefore is not the relevant triggering event for statute of limitations purposes."

Defendant's Motion argues that the Court erred because it did not consistently apply the principle that "a release contingent upon future events (like completing a satisfactory cleanup) constitutes an administrative settlement triggering a party's entitlement to pursue an action under Section 113." Had it applied that principle consistently, according to Defendant, Plaintiffs' liability should have been deemed resolved the moment they became "legally entitled to a statutory release" – or the date the state court ordered the BCP Plaintiffs to be admitted into the BCP program as an "applicant." In support of its argument that a party becomes "legally entitled to a statutory release" the moment it is deemed an "applicant," Defendant cites language in the ECL, which it claims the Court misconstrued, that an "applicant" "shall not be liable to the state."

Defendant's Motion fails because it identifies no precedent, new evidence or error that warrants a reversal of the Court's conclusion. First, Defendant equates a resolution of liability with "legal entitlement" to such a resolution. The Opinion made no such parallel. The Opinion held, consistent with Second Circuit authority, that an express release of liability contingent upon satisfaction of future events resolved the BCP Plaintiffs' CERCLA liability. The state court's order to admit the BCP Plaintiffs into the BCP did not effect an express release of liability by the DEC.

Second, Defendant's position that the BCP Plaintiffs became "legally entitled to a statutory release" before they even entered into a binding agreement with the DEC is untenable. As Plaintiffs point out in their opposition to the Motion, such an interpretation would mean that a

3

party that ultimately decides not to participate in the BCP (and even a party that decides not to remediate a site) is still entitled to a statutory release of liability.

Finally, the ECL does not, in any case, support Defendant's contention that a party becomes "legally entitled" to a release of liability upon acceptance as an "applicant" into the BCP. Defendant cherry-picks a portion of the ECL that reads, in pertinent part, "after the department has issued a certificate of completion for a brownfield site, the applicant *shall not be liable to the state* upon any statutory or common law cause of action, arising out of the presence of any contamination in, on or emanating from the brownfield site that was the subject of such certificate at any time before the effective date of a brownfield site cleanup agreement entered into pursuant to this title." ECL § 27-1421 (emphasis on Defendant's quotation). This provision merely delineates the extent of the limitation of liability provided by the ECL. Even read in a light generous to Defendant, it does not come close to stating that a party is not liable to the state solely on account of its position as an "applicant."

For the foregoing reasons, Defendant's Motion is DENIED. The Clerk of Court is directed to close the motion at Docket No. 138.

SO ORDERED.

Dated: February 5, 2015
       New York, New York

                                          _____
                                          **LORNA G. SCHOFIELD**
                                          **UNITED STATES DISTRICT JUDGE**

4