# CAHILL

April 6, 2015

CONFIDENTIAL

Re:     *HLP Properties, LLC, et al v. Consolidated Edison Co. of New York, Inc.*, No. 14-CV-1383 (LGS) (S.D.N.Y.)

Dear Judge Schofield:

Pursuant to Paragraph 21 of the Protective Order dated October 20, 2014, Dkt. 117 (which incorporates the Court's Individual Rule I (C) (3)), I write on behalf of Defendant Consolidated Edison Company of New York, Inc. ("Con Edison") regarding the attached Letter with Exhibits to Your Honor that Con Edison wishes to file in this case regarding Plaintiffs' privilege log. The highlighted portions of the Letter reflect material designated as confidential by Plaintiffs. Con Edison is amenable to redacting the highlighted language should the Court determine that such redactions are in order. *See* Individual Practice Rule I(C)(3) ("The party with an interest in confidential treatment bears the burden of persuasion. If this party is not the filing party, the party with an interest in confidential treatment shall promptly email a letter to the Court explaining why it seeks to have certain documents filed in redacted form or under seal.").

Respectfully submitted,

/s/ Thomas J. Kavaler

Thomas J. Kavaler

The Honorable Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

VIA EMAIL

cc:     Counsel of record

# CAHILL

April 6, 2015

CONFIDENTIAL

Re:     *HLP Properties, LLC, et al. v. Consolidated Edison Co. of New York, Inc.*, No. 14-CV-1383 (LGS) (S.D.N.Y.)

Dear Judge Schofield:

Con Edison submits this letter seeking an order compelling Plaintiffs to produce documents improperly withheld on attorney-client privilege and work product grounds.  Con Edison has conferred with Plaintiffs on these issues in good faith since November 2014, yet Plaintiffs continue to withhold basic information and non-privileged documents even after virtually all fact discovery has concluded. On February 21, after submitting several letters to the Court, we wrote to Plaintiffs pursuant to the Court's directive (Dkt. No. 208) to request certain basic information about their privilege claims.  *See* Exhibit 1 (Questions 3-7).  To date and after exchanging at least a dozen emails, Plaintiffs have refused to answer these questions.[1]  By withholding this basic information that should be at the fingertips of any lawyer preparing a privilege log and thus not burdensome to produce, Plaintiffs throughout the meet and confer process have delayed and obfuscated and driven up Con Edison's litigation expenses.[2] Further, these exchanges have confirmed that Plaintiffs' privilege claims have no sound legal basis.[3]

***Plaintiffs' Incomprehensible Privilege Log Has Effected a Waiver of Their Privilege Claims.*** It has become clear from reviewing Plaintiffs' privilege log, which remains thoroughly plagued with errors that no reasonably diligent attorney could make, that Plaintiffs failed to conduct a bona fide review of their documents and instead may have employed improper automated means to determine which documents to withhold for privilege.  For example, Plaintiffs' current privilege log—in its fifth incarnation to date[4]—contains numerous entries in which the "Author" is listed as "HyperGEAR, Inc.," which appears to be the name of a software company and not the actual author of that document. *See, e.g.,* P22693 ("Letter reflecting confidential attorney-client communications with Mark Chertok* regarding remediation issues.").  This fact alone supports Con Edison's suspicion that Plaintiffs conducted an automated privilege review and warrants a finding that Plaintiffs' privilege claims are waived. *See* THE SEDONA CONFERENCE § 13.2.1 (Ronald J. Hedges et al., Dec. 2014) ("Judges should be wary of automatically-generated privilege 'logs' based on arbitrary criteria, for example, the simple phrase 'attorney-client privilege' or the name of an attorney appearing in a document."); *William A. Gross Const. Associates, Inc. v. Am. Mfrs. Mut. Ins. Co.*, 256 F.R.D. 134, 136 (S.D.N.Y. 2009).

Plaintiffs have employed descriptions that make it impossible for Con Edison to identify those documents that have no legitimate basis for privilege.  For instance, Plaintiffs improperly withheld the Miller Memo (Dkt No. 207) bearing the description on the log "Memorandum reflecting confidential attorney-client communications with Jeffrey Gracer* regarding remediation issues."  Con Edison would have never known that this document involved statements about Plaintiffs' development plans, participation in the BCP, assessment of tax credits, and assessment of Con Edison's role in these plans

---

[1]  Plaintiffs have asked Con Edison to list individual entries.  However, the descriptions provided in Plaintiffs' log are so generic that often the same description is used to describe thousands of different entries.  Con Edison has sought to provide examples of these generic descriptions here.

[2]  Of note, Plaintiffs waited until mere *hours* before the deposition of Ken Miller was to begin to produce critical documents from Mr. Miller's files that the Court had ordered them to produce nearly two weeks earlier (Dkt. No. 207).

[3]  Further efforts to meet and confer will be fruitless given Plaintiffs' stubborn refusal to address Con Edison's concerns in good faith.  Accordingly, Con Edison respectfully requests the right to seek appropriate judicial relief.

[4]  In response to Con Edison's repeated requests, Plaintiffs revised and reproduced their logs and acknowledged that they had wrongly withheld hundreds of documents on privilege grounds on Nov. 26, Dec. 20, Jan. 6, 2015, and Mar. 5, 2015.

CONFIDENTIAL

had this Court not ordered its production, albeit in redacted form. Plaintiffs continue to withhold 9,151 entries that include lawyers only in the "CC" or "BCC" field and 7,814 entries where no lawyer appears in the "To," "From," "CC," and "BCC" fields.

In uillustrate this point, Con Edison has compiled a list of documents that Plaintiffs recently recognized were wrongly withheld for privilege and their corresponding privilege descriptions on Plaintiffs' original log.  *See* Exhibit 2.  This chart shows that Plaintiffs withheld, *inter alia*, the following types of documents: communications that include Con Edison employees; correspondence to and from the NYSDEC (*sometimes sent to or from Con Edison*); and routine business communications with third parties, such as an insurance broker and various consultants.  Although these documents have now been produced (at the end of fact discovery and after the completion of depositions), the generic and unhelpful descriptions applicable to these admittedly non-privileged entries still appear thousands of times on the current log.  *See* Exhibit 2.

For example, two emails involving internal communications at Con Edison were each described as "reflecting confidential attorney-client communications with Legal* regarding litigation" and were withheld for attorney-client privilege and work product.  A letter that I sent on behalf of Con Edison was described as "reflecting confidential attorney-client communications with Jennifer Rearden* regarding litigation."  There remain at least 2,000 entries on Plaintiffs' privilege log with a similar description that includes "reflecting confidential attorney-client communications . . . regarding litigation" with or without a lawyer's name included in the description. An email chain and attachment between Plaintiffs' business-employee and its insurance broker were treated as "confidential attorney-client communications with Gary Dorin* and Christine Leas* regarding investigation or remediation costs/damages." In another email chain purportedly "reflecting confidential attorney-client communications . . . regarding remediation issues," Plaintiffs' business-employee sent third party Hunter Roberts Construction Group a list of remediation alternatives for the Site that had been prepared by *Con Edison's* consultant Arcadis/BBL. There remain at least 6,600 entries on Plaintiffs' privilege log with a similar description that includes "reflecting confidential attorney-client communications . . . regarding remediation issues" with or without a lawyer's name included in the description. Other uninformative stock phrases abound throughout.  For instance, the log contains over 13,900 entries alleging that legal advice was requested or provided "regarding remediation issues" and over 3,700 entries "regarding development issues."

Plaintiffs' failure to provide Bates numbers on their privilege log for documents they withheld for privilege has imposed a significant burden on Con Edison.  For instance, on February 27, March 3, and March 5, Plaintiffs produced documents that they determined were no longer privileged.  On February 27, the last day of fact discovery, Plaintiffs also produced for the first time hundreds of responsive documents that they purportedly failed to produce earlier that had nothing to do with this privilege review.  Without Bates numbers, Con Edison was unable to match the documents in Plaintiffs' production to log entries or determine which documents were newly produced and which were being produced because they had been improperly withheld for privilege.  Only after Con Edison sent Plaintiffs several emails did Plaintiffs provide Con Edison with the information necessary to piece together what Plaintiffs had done.  *See* Exhibit 3. Plaintiffs' incomprehensible log and generic descriptions call for finding that they have waived their privilege claims.  *See McNamee v. Clemens*, 2014 WL 1338720, at *1 n.1 (E.D.N.Y. 2014); *SEC v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 165 (S.D.N.Y. 2014); *Johnson v. Nextel Commc'ns, Inc.*, 2012 WL 3648447, at *2, 5 (S.D.N.Y. 2012); *A.I.A. Holdings, S.A. v. Lehman Brothers, Inc.*, 2000 WL 1538003, at *3 (S.D.N.Y 2000).

### ***Plaintiffs Admit That They Have No Factual Basis for Work Product Prior to 2013.***
Plaintiffs' representative (who is also company counsel) admitted that Plaintiffs did not seriously

CONFIDENTIAL

anticipate litigation against Con Edison until 2013 when Plaintiffs issued a document hold notice to their employees.  *See* Pls. 30(b)(6) Dep. pp. 246-48 ("I don't believe we issued a litigation hold notice to anyone before we actually believed that we were going to have litigation").  For work product protection to apply, a document must be prepared "because of" existing or expected litigation. *U.S. v. Adlman*, 134 F.3d 1194, 1198 (2d Cir. 1998); *Int'l Cards Co. Ltd. v. Mastercard Int'l Inc.*, 2014 WL 4357450, at *8 (S.D.N.Y. 2014); *Crown Castle USA, Inc. v. Nudd Corp.*, 2010 WL 1286366, at *12-13 (W.D.N.Y. 2010).  Plaintiffs' testimony is consistent with the documents.  Plaintiffs assert work product for over 4,500 documents dated 1984 to the present, even though the majority appear to be routine communications concerning the investigation, remediation, and/or development of the Site, and without specifying what, if any, litigation was in fact anticipated over a thirty-year span.[5]  Many documents withheld as work product bear the description "regarding remediation issues" which must be routine business communications concerning *cleanup* that should have nothing to do with litigation.

Plaintiffs rely on the unsupportable positions that they anticipated litigation as of the time they "first learned of the fact that the site was polluted" (allegedly in 1999) and when they commenced settlement discussions with Con Edison.  The mere possibility of litigation is insufficient to give rise to a work product claim. *See, e.g., Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 547, 553 (S.D.N.Y. 2013).  Thus, any assertions of work product before the litigation hold in 2013 in connection with this litigation are without any factual or legal basis. *See Zubulake v. UBS Warburg LLC,* 229 F.R.D. 422, 431 (S.D.N.Y. 2004); *SEC v. Beacon Hill*, 231 F.R.D. 134, 143 (S.D.N.Y. 2004). Con Edison cannot identify which entries on Plaintiffs' privilege log this applies to because Plaintiffs have refused to identify which work product entries on Plaintiffs' privilege log relate to this litigation (or even the earliest entry in time on the log where they claim work product with respect to this litigation).

***Plaintiffs Have Withheld Thousands of Communications With Third Parties Without Explanation.*** Plaintiffs have invoked privilege over countless third-party consultant communications related to, *inter alia,* environmental, real estate development, construction, architecture, insurance, waste management, and tax matters.  Despite Con Edison's repeated requests for a list of third parties for which they are claiming privilege and the basis for such claims, Plaintiffs steadfastly refuse to provide even this basic information.  Instead they provided a list of third parties appearing on their log while maintaining that the "appearance of a person's name on the log" does not mean they are claiming a privilege for that person or entity. Pls. 2/19/15 Letter to Court, at p. 3 n. 7 (email at 11:38 PM).  Plaintiffs know that Con Edison cannot challenge privilege claims based on a list of individuals it does not have.  Plaintiffs' position means that they have failed to meet their burden to prove that communications with these third parties did not break the chain of privilege. *See U.S. v. Kovel,* 296 F.2d 918, 921-22 (2d Cir. 1961); *U.S. v. Ackert*, 169 F.3d 136, 139-40 (2d Cir. 1999); *Gulf Islands Leasing, Inc. v. Bombardier Capital, Inc.,* 215 F.R.D. 466, 471 (S.D.N.Y. 2003).  These consultants appear to have been hired by Plaintiffs to advise them on varied business matters.[6]

Plaintiffs' continued failure to address their privilege log deficiencies and to produce documents for which Plaintiffs lack an adequate factual basis for asserting privilege should be held to have resulted in a waiver of all privileges. In the alternative, Con Edison requests that the Court or the Magistrate Judge conduct an *in camera* review of Plaintiffs' allegedly privileged documents and inadequate privilege log and their dubious assertions of privilege therein.

---

[5] In over 1,000 entries wherein a document is withheld on the basis of work product alone, the privilege log description is no more than "regarding litigation" but does not specify *which* litigation.

[6] In separate correspondence submitted today, Con Edison will apprise the Court of Plaintiffs' egregious abuse of privilege over thousands of documents with third party Langan Engineering.

CONFIDENTIAL

Respectfully submitted,
/s/ Thomas J. Kavaler
Thomas J. Kavaler

The Honorable Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

VIA EMAIL

cc:  Counsel of record (via EMAIL)

CAHILL GORDON & REINDEL LLP

# EXHIBIT 1

To Con Edison's April 6, 2015
Letter to the Court

**Somekh, Sogol**

| | |
|---|---|
| **From:** | Somekh, Sogol |
| **Sent:** | Saturday, February 21, 2015 7:19 PM |
| **To:** | Rearden, Jennifer H. <JRearden@gibsondunn.com> (JRearden@gibsondunn.com); Mastro, Randy M. (RMastro@gibsondunn.com); Amass, Tyler H. (TAmass@gibsondunn.com); Herrmann, Gabriel (GHerrmann@gibsondunn.com); 'jgracer@sprlaw.com' (jgracer@sprlaw.com); 'jcoghlan@sprlaw.com' (jcoghlan@sprlaw.com); dchorost@sprlaw.com |
| **Cc:** | Kavaler, Thomas J.; Owen, David |
| **Subject:** | HLP v Coned -  Plaintiffs' Privilege Claims |

Counsel,

Pursuant to the Court's February 20 Orders (Dkt Nos. 207 and 208), we write to request the following:

(1) All documents or portions of documents that you have withheld on the basis that the information contained therein is "informed by legal advice" rather than providing legal advice.  As the Court held with respect to your false blanket claim of privilege over the Miller Memo, "Any statement [that] in substance repeats legal advice provided confidentially by a lawyer to his or her client may be redacted. Any other matter that did not originate with a lawyer, even if it is informed by legal advice, shall not be redacted. *In re Cnty. of Erie*, 473 F.3d 413, 419 (2d Cir. 2007) (reciting test for application of attorney-client privilege)."  It is apparent that you have not followed this standard with respect to thousands of documents.

In addition, you have complained to the Court that we have not "met and conferred" with you enough.  On the contrary, we have requested multiple times that you explain your claims of privilege and the bases for those claims and we have provided you with multiple examples of the problems we can identify (with the little information provided on your logs) with your claims. Rather than addressing our questions and concerns in a comprehensive and comprehensible manner, you have avoided them and provided piecemeal and unhelpful answers.  We trust that in the spirit of cooperation, you will provide us with the following information.  If you in fact did a true privilege review of the documents you collected in this litigation, this information should be at the disposal of each and every attorney working with you.  That you have failed to provide it already is baffling, but we once again request that you provide us with this information, to which we are entitled.

(2) Produce all twenty or so versions of the Miller Memo you have asserted appear on your privilege log.  Given that the Court has ruled that the Memo is not privileged, the drafts are not privileged either.

(3) Identify the entry on your privilege log that represents the earliest entry in time therein where you have withheld a document under the work product doctrine with respect to anticipation of this litigation.

(4) Identify each entry on your privilege log where you have withheld a document under the work product doctrine with respect to anticipation of this litigation.

(5) Confirm that the only factual basis for your claim of work product with respect to this litigation prior to 2013 was due to ongoing settlement discussions between Plaintiffs and Con Edison (Mastro Feb. 19 Letter to Court at p. 2). If not, provide us with any other factual bases for these claims.

(6) Except for attorneys or law firms, identify the third parties on the "List of Affiliations" you produced on December 20 that you have withheld communications with on the basis of attorney client privilege or work product (PL_00521062- PL_00521069).  You wrote to the Court that Con Edison is mistaken that you have withheld communications with all of these individuals on the basis of attorney-client privilege or work product. As we have explained to you, your privilege logs are incomprehensible to us and we have no way of knowing with whom you are claiming to have a privileged relationship and with whom you are not claiming to have such a

relationship.  Presumably, you provided this list to each member of your team the day you began reviewing documents.  Now, over six months later, it should not be hard for you to give us this information.

(7)  For each of the third parties you have identified above, provide the factual basis for your claim of privilege.

Please confirm that you will comply with request number (1) above and provide us with answers to or the documents requested in numbers (2)-(7) above by close of business on Monday or we will seek further relief from the Court.

Sogol

**Sogol Somekh | Associate**
Cahill Gordon & Reindel LLP
80 Pine Street, New York, NY 10005
**t**: +1.212.701.3446 | **f**: +1.212.378.4477  | SSomekh@cahill.com
CAHILL

* * * * * * * * * * * * * * * * * * * * *

The information contained in this e-mail message is confidential and may be privileged.  If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you believe you have received this communication in error, please notify the sender immediately by replying to this email and then delete this email from your system.  Thank you.

# EXHIBIT 2

## To Con Edison's April 6, 2015 Letter to the Court

**Con Edison's Assessment of Entries Removed From Plaintiffs' Privilege Log  Produced on March 5, 2015**

*HLP Properties, LLC et al., v. Consolidated Edison Company of New York, Inc. , 14-CV-1383*

| Beginning Bates No. of Produced Document | Plaintiffs' Privilege Log Entry No. | Date of Document | Con Edison's Description of Document | Privilege Description Sentence (Plaintiffs' Privilege Log) | Privilege Type (Plaintiffs' Privilege Log) | Con Edison's Issue(s) with Plaintiffs' Privilege Assertion | Categories | Number of Entries with the Identical Description on Plaintiffs' Current Privilege Log (3.5.2015) |
|---|---|---|---|---|---|---|---|---|
| PL_00544794 | P15185 | June 26, 2007 | Paul Lipof (Edison) emails several Hunter Roberts Construction Group employees, copying Joe Landes (Langan), several HLP employees (including counsel), and Jeff Gracer (Sive Paget), about the determination of a remediation remedy. Lipof anticipates receiving a copy of the Alternatives Analysis from Con Edison by the end of the week and is seeking up a conference call to review and respond to it. "This will be our prime opportunity to influence the choice of remedy." | Email requesting legal advice regarding remediation issues. | AC | The mere presence of attorneys on an email, which neither seeks nor requests legal advice, is insufficient to withhold a communication for attorney-client privilege. This email was sent to employees of a third-party construction consultant, attorneys were only copied on the email, and there is no request for or offer of legal advice in the communication. Further, whatever privilege that may have existed was waived upon disclosing the communication to a third party. Therefore, there was no reasonable basis for withholding this document. | Third-Party Document | 2278 |
| PL_00548144 | P32053 (attachment to P32052) | August 11, 2014 | Letter from Tom Kavaler (Cahill Gordon) to Judge Lorna Schofield (SDNY) regarding Randy Mastro's unauthorized letter to the Court. | Pleading reflecting confidential attorney-client communications with Jennifer Rearden* regarding litigation. | AC | This is a document filed publicly on ECF in the present action by Con Edison's counsel and in no way involves confidential communications with anyone, let along any of Plaintiffs' counsel. Therefore, there was no reasonable basis for withholding this document. | Public Document | 3 |
| PL_00540065 | P3393 | July 7, 1999 | Fax from John Kennedy (Turner Construction) to Paul Desser (Edison) that includes a letter from Dave McNallan (Turner Construction) to Robert Gorton (Gorton Associates, Inc.) providing a cost breakdown and scope of work for the Federal Express project, which totals $1,960,000. | Letter reflecting confidential attorney-client communications with Gary Dorin* regarding investigation or remediation costs/damages. | AC | Plaintiffs claimed that a letter written by an employee from a construction company to a construction management company was somehow privileged. The document does not seek, provide, or reflect any legal advice. It is simply an estimated cost reduction based on a change to the scope of work for the proposed remediation for the Federal Express project. There was no reasonable basis for withholding this document. | Third-Party Document | 35 |
| PL_00542170 | P8986 (attachment to P8985) | February 23, 2012 | Clean copy of Proposed Decision Document for the HLP Site, prepared by the NYSDEC and dated February 2012. | Report reflecting confidential attorney-client communications with Christine Leas* regarding remediation issues. | AC | This document was generated and distributed by the NYSDEC.  It is incomprehensible how Plaintiffs could have claimed that this document reflected "confidential attorney-client communications" and there was no reasonable basis for withholding it as privileged. | NYSDEC Document | 17 |
| PL_00544021 | P12746 (attachment to P12745) | November 21, 2011 | Executed letter from Gary Debode (Edison) to Randolph Price (Con Edison) and Peter Garam (Con Edison) regarding Settlement Proposal. | Letter requesting legal advice regarding negotiations with Con Edison. | AC | Plaintiffs claimed that an executed letter, which was written by a non-attorney to members of Con Edison, was a request for privileged legal advice. Neither the substance of the letter nor the author and its recipients justify Plaintiffs' privilege assertion, which clearly was lacking any reasonable basis. This is one of many examples of Plaintiffs claiming privilege over non-privileged materials because they are attachments to a presumably privileged email. However, the attachments themselves should have been produced unless they contained evidence of the legal advice that was sought/provided in the parent email. | Con Edison Document | 0 |
| PL_00548436 | P32780 (attachment to P32779) | May 27, 2014 | Deed for the HLP Site. | Agreement reflecting confidential attorney client communications with Jennifer Coghlan* and Gary Dorin* regarding remediation issues. | AC | The deed for the HLP Site was publicly filed with the NYC Department of Finance, Office of the City Register.  There was no reasonable basis for withholding a publicly-filed document on privilege grounds. | Administrative Document | 0 |

| Beginning Bates No. of Produced Document | Plaintiffs' Privilege Log Entry No. | Date of Document | Con Edison's Description of Document | Privilege Description Sentence (Plaintiffs' Privilege Log) | Privilege Type (Plaintiffs' Privilege Log) | Con Edison's Issue(s) with Plaintiffs' Privilege Assertion | Categories | Number of Entries with the Identical Description on Plaintiffs' Current Privilege Log (3.5.2015) |
|---|---|---|---|---|---|---|---|---|
| PL_00545123 | P17972 (cover to P17973) | December 2, 2011 | Email from Gary DeBode (Edison) to Randy Mastro (Gibson Dunn), Jennifer Rearden (Gibson Dunn), copying Jeff Gracer (Sive Paget), Victoria Morrison (Edison), Jennifer Coghlan (Sive Paget), and Steve Nislick (Edison) that forwards an email from Peter Garam (Con Edison). The email states, "FYI, here is the Con Ed response to our letter." | Email requesting legal advice regarding remediation issues. | AC | The email simply states it is forwarding a response from Con Edison. There was no reasonable basis for withholding an email that merely forwards a non-privileged communication from a third party. | Con Edison Document | 2278 |
| PL_00544311 | P13617 (attachment to P13616) | March 30, 2010 | Publicly-available NYSDEC template for Brownfield Cleanup Program Applications and Agreements. This template can be found on NYSDEC's website. | Agreement reflecting a request for legal advice from Jeffrey Gracer* regarding litigation. | WP | There was no reasonable basis for withholding a public, state regulator document on grounds that it reflects "a request for legal advice." This is another example of Plaintiffs claiming privilege over non-privileged materials because they are attachments to a presumably privileged email. However, the attachments themselves should be produced unless they contain evidence of the legal advice that is sought/provided in the parent email. | Public Document | 8 |
| PL_00544029 | P12807 (attachment to P12806) | July 1, 2011 | Email from Richard Dana (NYSDEC) to Joe Landes (Langan) regarding the Section Plan for NAPL Recovery. Copied on the email are several Con Edison employees, an Arcadis employee, several HLP employees, Gardiner Cross (NYSDEC), and two Sive Page attorneys. | Email reflecting confidential attorney-client communications regarding state regulatory issues. | AC | Plaintiffs claimed that an email between Langan and the NYSDEC, with Con Edison employees copied on it, reflects "confidential attorney-client communications regarding state regulatory issues." there was no reasonable basis for withholding this document. This is another example of Plaintiffs claiming privilege over non-privileged materials because they are attachments to a presumably privileged email. However, the attachments themselves should be produced unless they contain evidence of the legal advice that is sought/provided in the parent email. | NYSDEC Document | 14 |
| PL_00544348 | P13752 (attachment to P13751) | February 18, 2010 | An unpublished Judicial Opinion from *In re Lighthouse Point Property Associates LLC v. New York State Department of Environmental Conservation* . | Report reflecting confidential attorney-client communications with Victoria Morrison* regarding litigation. | AC; WP | There was no reasonable basis for asserting that a judicial opinion from a case that does not involve Plaintiffs reflects "confidential attorney-client communications." This is another example where Plaintiffs claimed privilege over non-privileged materials because they are attachments to a presumably privileged email. However, the attachments themselves should be produced unless they contained evidence of the legal advice that was sought/provided in the parent email. | Public Document | 11 |
| PL_00544794 | P3766 | July 19, 2001 | Email chain between John Morill (Con Edison) and Glen Katz (Con Edison) about Con Edison arranging for an appraisal of the HLP Site, in which Morrill states that the appraisal cost $10,000 and the HLP Site was appraised at $49.7M. | Email reflecting confidential attorney-client communications with Legal* regarding litigation. | AC; WP | Plaintiffs claimed that an email between two Con Edison employees about Con Edison business was privileged and stated that it reflected privileged communications with Plaintiffs' legal department about litigation. There was no reasonable basis for withholding this document. This is additional evidence that Plaintiffs only ran general searches for generic terms like "litigation" in order to assert their privilege claims. | Con Edison Document | 34 |
| PL_00545123 | P12215 | May 14, 2014 | Email chain between Mike Repko (Optimum) and Christine Leas (Sive Paget) regarding an insurance inspection of the HLP Site. Leas informs Repko that a site visit may not be necessary, given the progress of the remediation project. Gary Dorin (Edison), several from Alliant Insurance, and Jennifer Coghlan (Sive Paget) are copied on the email. | Email providing confidential legal advice regarding remediation issues. | AC | An email between a third-party site inspector and Plaintiffs' counsel, that includes third-party insurance representatives, is a non-privileged communication. The email provides only an update on the remediation project's progress and a suggestion, based on discussions with a third-party insurer, that a site inspection may not be necessary. Therefore, there was no reasonable basis for describing this email as providing "confidential legal advice" and withholding on privilege grounds. | Third-Party Document | 1944 |

| Beginning Bates No. of Produced Document | Plaintiffs' Privilege Log Entry No. | Date of Document | Con Edison's Description of Document | Privilege Description Sentence (Plaintiffs' Privilege Log) | Privilege Type (Plaintiffs' Privilege Log) | Con Edison's Issue(s) with Plaintiffs' Privilege Assertion | Categories | Number of Entries with the Identical Description on Plaintiffs' Current Privilege Log (3.5.2015) |
|---|---|---|---|---|---|---|---|---|
| PL_00545125 | P17973 (attachment to P17972) | December 2, 2011 | Executed letter from Peter Garam (Con Edison) to Gary DeBode (Edison) regarding the end of settlement negotiations for the HLP Site. | Letter reflecting confidential attorney-client communications Jennifer Coghlan* and Victoria Morrison* regarding negotiations with Con Edison. | AC | There was no reasonable basis for withholding an executed letter from Con Edison to Plaintiffs that clearly does not seek, provide, or reflect any legal advice from Jennifer Coghlan or Victoria Morrison. | Con Edison Document | 11 |
| PL_00545662 | P19942 (attachment to P19942) | August 16, 2011 | Executed letter from Dale Desnoyers (NYSDEC) to Gary Dorin (Edison) attaching a fully executed copy of the Brownfield Cleanup Agreement for the HLP site. | Letter reflecting confidential attorney-client communications with Jennifer Coghlan* and Jeff Gracer* regarding remediation issues. | AC | There was no reasonable basis for claiming that a public, executed agreement between Plaintiffs and a state regulator (NYSDEC) is deserving of attorney-client privilege. Plaintiffs' description of the document is entirely baseless. There is no evidence that the letter reflects confidential attorney-client communications with Jennifer Coghlan or Jeff Gracer. | NYSDEC Document | 16 |
| PL_00545807 | P20648 (cover to P20648) | April 27, 2008 | Email from Gary Dorin (Edison) to Jeff Gracer (Sive Paget) and Joel Landes (Langan) with no substantive text. The email forwards, as an attachment, an email from Neil O'Halloran (Con Edison) previously sent to Dorin, Landes, and Gracer. | Email reflecting confidential attorney-client communications regarding remediation issues. | AC | Neither the cover email nor the attached email seek, provide, or reflect attorney-client communications regarding remediation issues. The cover email does not contain any substantive communication and the attached email chain is from Con Edison and it only discusses the scheduling a meeting. There was no reasonable basis for withholding these documents. | Con Edison Document | 1717 |
| PL_00545808 | P20649 (attachment to P20648) | April 27, 2008 | An email chain from Neil O'Halloran (Con Edison) to Gary Dorin (Edison), copying Joel Landes (Langan) and Jeff Gracer (Sive Paget), that discussing scheduling a meeting between Con Edison and Edison. | Email reflecting confidential attorney-client communications regarding remediation issues. | AC | Neither the cover email nor the attached email seek, provide, or reflect attorney-client communications regarding remediation issues. The cover email does not contain any substantive communication and the attached email chain is from Con Edison and it only discusses the scheduling a meeting. There was no reasonable basis for withholding these documents. | Con Edison Document | 1717 |
| PL_00545848 | P20996 (attachment to P20995) | November 18, 2007 | Executed letter from William Ottaway (NYSDEC) to Neil O'Halloran (Con Edison), copying Eddie Louie (Con Edison), D. Hettrick (NYSDOH), G. Cross (NYSDEC), and D. Walsh (NYSDEC), regarding the Remedial Investigation Report for the HLP Site. | Letter reflecting a request for legal advice from Jeffrey Gracer* regarding remediation issues. | AC | Regardless of the substance of the cover email, claiming that a communication between a state regulator (NYSDEC) and Con Edison reflects a request for legal advice from Jeffrey Gracer is unjustifiable. There was no reasonable basis for withholding this document on privilege grounds. | NYSDEC Document | 9 |
| PL_00545935 | P21298 (attachment to P21297) | May 25, 2010 | Executed letter from Neil O'Halloran (Con Edison) to William Ottaway (NYSDEC) regarding the NAPL Recovery Pilot Study for the HLP Site. | Letter reflecting confidential attorney-client communications with Jeffrey Gracer* regarding remediation issues. | AC | Regardless of the substance of the cover email, there was no reasonable basis for claiming that a communication between a state regulator (NYSDEC) and Con Edison reflects confidential attorney-client communications with Jeffrey Gracer and withholding the document on privilege grounds. | NYSDEC Document | 16 |
| PL_00545936 | P21299 (attachment to P21297) | June 8, 2010 | Executed letter from Margaret Carillo Sheridan (Arcadis) to Neil O'Halloran (Con Edison) providing a summary of the NAPL Recovery Pilot Study Report for the HLP Site. | Letter reflecting confidential attorney-client communications with Jeffrey Gracer* regarding remediation issues. | AC | Regardless of the substance of the cover email, there was no reasonable basis for claiming that a communication between third party (Arcadis) and Con Edison reflects confidential attorney-client communications with Jeffrey Gracer. | Con Edison Document | 16 |
| PL_00545956 | P21300 (attachment to P21297) | June 8, 2010 | Email chain from Neil O'Halloran (Con Edison) to Joel Landes (Langan), copying Gary Dorin (Edison), Michael Wilcken (Con Edison), and Michael Burke (Langan), that discusses the Arcadis NAPL Recovery Pilot Study Report. | Email reflecting confidential attorney-client communications regarding remediation issues. | AC | Regardless of the substance of the cover email, there was no reasonable basis for claiming that a communication between Plaintiffs and Con Edison reflects confidential attorney-client communications and withholding the document on privilege grounds. | Con Edison Document | 1717 |

| Beginning Bates No. of Produced Document | Plaintiffs' Privilege Log Entry No. | Date of Document | Con Edison's Description of Document | Privilege Description Sentence (Plaintiffs' Privilege Log) | Privilege Type (Plaintiffs' Privilege Log) | Con Edison's Issue(s) with Plaintiffs' Privilege Assertion | Categories | Number of Entries with the Identical Description on Plaintiffs' Current Privilege Log (3.5.2015) |
|---|---|---|---|---|---|---|---|---|
| PL_00541152 | P7344 (attachment to P7343) | November 29, 2010 | Email from Neil O'Halloran (Con Edison) to Joel Landes (Langan) regarding NAPL Delineation figures. | Email reflecting confidential attorney-client communications regarding remediation negotiations with Con Edison. | AC | Plaintiffs claimed that an email from a Con Edison employee to Joel Landes (Langan) that provides technical information on NAPL delineation reflects confidential attorney-client communications. Plaintiffs' descriptions of the document is baseless and there was no reasonable basis for withholding this document. | Con Edison Document | 542 |
| PL_00541158 | P7347 (attachment to P7343) | November 29, 2010 | Email from Neil O'Halloran (Con Edison) to Joel Landes (Langan) regarding NAPL Delineation figures. | Email reflecting confidential attorney-client communications with Jeffrey Gracer* regarding remediation issues. | AC | Plaintiffs claimed that an email from a Con Edison employee to Joel Landes (Langan) that provides technical information on NAPL delineation reflects confidential attorney-client communications. Plaintiffs' descriptions of the document is baseless and there was no reasonable basis for withholding this document. | Con Edison Document | 169 |
| PL_00541499 | P8263 (cover to P8264) | May 23, 2012 | Email from Gerald Nicholls (Langan) to Dean Devoe (Tully Construction), copying several at Langan, Sive Paget, and Edison, requesting information in relation to the site remediation contract. | Email requesting legal advice regarding remediation issues. | AC | Plaintiffs claimed that an email from a third-party consultant (Langan) to a third-party construction company (Tully), that was in the process of bidding to participate in the site remediation, was somehow privileged. The email does not contain any language suggesting that legal advice was being sought, provided, or reflected. Regardless, the presence of third parties on the email waived any existing privilege. Therefore, there was no reasonable basis for withholding this document. | Third-Party Document | 2278 |
| PL_00542677 | P9355 (attachment to P9354) | May 22, 2012 | Executed letter from the NYSDEC addressed to Gary DeBode (Edison) regarding approval of the use of "6-mil polyethylene sheeting" for vehicles hauling materials at the Site. | Letter reflecting a request for legal advice regarding remediation issues. | AC | This is official correspondence between Plaintiffs and the NYSDEC, regarding the use of a certain materials during remediation of the HLP Site. There is no legal advice sought, provided, or reflected in the letter and there was no reasonable basis for withholding an executed letter from a state regulator on privilege grounds. | NYSDEC Document | 213 |
| PL_00542839 | P9785 (attachment to P9784) | April 17, 2006 | Executed letter from Con Edison (Eddy Louie) to the NYSDEC regarding the Draft Remedial Action Work Plan for the HLP Site. Note also that the "author" of this attachment is listed as "HyperGear, Inc." on Plaintiffs' privilege log. | Letter reflecting confidential attorney-client communications with Christine Leas* regarding remediation issues. | AC | This is an executed Con Edison letter that is addressed to a state regulator. There is no mark-up on the letter that could possibly be interpreted to reflect legal advice. Therefore, there was no reasonable basis for claiming this document reflects attorney-client communications with Christine Leas and there was no reasonable basis for withholding it on privilege grounds. | Con Edison Document | 17 |
| PL_00543132 | P9973 (cover to P9974) | November 12, 2012 | Email from Christine Leas (Sive Paget) to Michael Burke (Langan) which simply says "Nevermind . . . " | Email reflecting confidential attorney-client communications regarding application to the VCP/BCP. | AC | This is an email between Sive Paget and a third-party (Langan) transmitting a NYSDEC document for the HLP Site. Even if there were any conceivable "attorney-client" relationship here, which there is not, there is no legal advice sought, provided, or reflected in this document. Therefore, there was no reasonable basis for withholding it. | No Legal Advice Sought or Provided | 275 |
| PL_00543133 | P9974 (attachment to P9973) | May 8, 2012 | An executed letter from the NYSDEC addressed to Gary DeBode (Edison) that provides the NYSDEC's Decision Document for the HLP Site, dated May 2012. | Letter reflecting confidential attorney-client communications with Christine Leas* regarding application to the VCP/BCP. | AC | This is a public document from the NYSDEC regarding the HLP Site. Plaintiffs' description of this document is completely baseless and there was no reasonable basis for withholding it on privilege grounds. | NYSDEC Document | 0 |
| PL_00543532 | P11440 (attachment to P11439) | June 3, 2013 | Chart reflecting Posillico's cost estimates for remediation work performed at the HLP Site, totaling $12,865,000. | Chart reflecting a request for legal advice from Mary Jane Augustine* regarding remediation issues. | AC | Posillico's cost estimates for remediating the HLP Site are undeserving of attorney-client privilege. Regardless of what substance the parent email contains, there was no reasonable basis for withholding this chart. This is another example of Plaintiffs claiming privilege over non-privileged materials because they are attachments to a presumably privileged email. However, the attachments themselves should have been produced unless they contained evidence of the legal advice that was sought/provided in the parent email. | Third-Party Document | 1 |

| Beginning Bates No. of Produced Document | Plaintiffs' Privilege Log Entry No. | Date of Document | Con Edison's Description of Document | Privilege Description Sentence (Plaintiffs' Privilege Log) | Privilege Type (Plaintiffs' Privilege Log) | Con Edison's Issue(s) with Plaintiffs' Privilege Assertion | Categories | Number of Entries with the Identical Description on Plaintiffs' Current Privilege Log (3.5.2015) |
|---|---|---|---|---|---|---|---|---|
| PL_00543782 | P12197 (cover to P12198-P121203) | November 12, 2013 | Gary Dorin (Edison) emails Phil Cacioppo (Alliant Insurance) two follow-up questions regarding HLP's insurance policies and the attached Alliant invoices. Several Alliant employees are copied, along with Christine Leas (Sive Paget). | Email requesting legal advice regarding investigation or remediation costs/damages. | AC | An email between Plaintiffs and a third-party insurance company, regardless of the presence of Christine Leas (Sive Paget), is not a privileged communication. The email contains a discussion about several insurance policies that Plaintiffs purchased previously and there is no evidence that any legal advice was requested. Regardless, Alliant's presence on the email would waive attorney-client privilege. Therefore, there was no reasonable basis for withholding this document. | Insurance Document | 296 |
| PL_00543789 | P12198 (attachment to P12197) | November 12, 2013 | Alliant Insurance invoice addressed to Plaintiffs for their Pollution Liability policy at the HLP Site. | Letter reflecting confidential attorney-client communications with Christine Leas* regarding investigation or remediation costs/damages. | AC | There was no reasonable basis for claiming that an insurance policy invoice is deserving of attorney-client privilege. | Insurance Document | 3 |
| PL_00544308 | P13605 | November 18, 2009 | Larry Perez (Edison) emails Ray Cestaro (Onsite Construction Enterprises), copying Gary Dorin (Edison) regarding Breakdown of Incremental Costs. Perez confirms that Cestaro will provide additional information about "incremental costs" that, according to Perez, Con Edison is seeking to confirm before agreeing "to compensate us for this additional remediation-type work." | Email requesting information for the purpose of providing legal advice regarding investigation or remediation costs/damages. | AC | There mere presence of Gary Dorin on this email does not make it a privileged communication.  Further, the request for this additional cost information, regardless of its purpose, is not seeking legal advice or otherwise privileged content. Regardless of any basis for asserting, attorney-client privilege over the communication, Cestaro's presence on the communication waives that privilege. Therefore, there was no reasonable basis for withholding this document. | Third-Party Document | 31 |
| PL_00544660 | P14064 (cover to P14065) | September 4, 2013 | Larry Perez forwards a presentation entitled "West 17th Street Remediation" to Michael Perciballi (Posillico). The presentation is for a September 6, 2013 meeting with the Department of City Planning, Department of Parks and Recreation, and Friends of the Highline. In a prior email, Jennifer Hong notes that she changed the title of the presentation "to reduce attention to the 'development' aspect of this briefing." | Email reflecting a request for legal advice from Jennifer Coghlan* regarding remediation issues. | AC | There is no indication that legal advice was sought or provided by an attorney. The presentation was distributed to several attendees for the purpose of receiving non-privileged comments. Further, any privilege that existed previously over this email and the attached presentation draft was waived as soon as it was forwarded to a Posillico representative. Therefore, there was no reasonable basis for withholding this document. | Third-Party Document | 62 |
| PL_00544662 | P14065 (attachment to P14064) | September 4, 2013 | Draft presentation entitled "West 17th Street Remediation" to be presented to the Department of City Planning, Department of Parks and Recreation, Friends of the Highline. | Presentation reflecting a request for legal advice from Jennifer Coghlan* regarding remediation issues. | AC | There is no indication that legal advice was sought or provided by an attorney. The presentation was distributed to several attendees for the purpose of receiving non-privileged comments. Further, any privilege that existed previously over this email and the attached presentation draft was waived as soon as it was forwarded to a Posillico representative. Therefore, there was no reasonable basis for withholding this document. | Third-Party Document | 2 |
| PL_00544768 | P14629 (cover to P146330) | January 19, 2011 | Joe Landes (Langan) sends to Andrew Cantor (Edison) and Jeffrey Gracer (Sive Paget) a remediation schedule timeline. He does not include any comments in the email. Cantor forwards to Mat Davis (Edison), stating that he will ask Landes to copy Davis on emails going forward. | Email reflecting a request for legal advice from Jeffrey Gracer* regarding remediation issues. | AC | That Jeffrey Gracer (Sive Paget) received the timeline, without more, is insufficient to establish that the communication is privileged. Landes did not request legal advice and Gracer did not provide it. Further, Joel Landes (Langan) is a third-party consultant and his presence on the communications waives any existing privilege. Therefore, there was no reasonable basis for withholding this document on privilege grounds. This is another example of Plaintiffs failing to review properly communications that include attorneys to determine whether legal advice was actually sought or provided. | Third-Party Document | 36 |

| Beginning Bates No. of Produced Document | Plaintiffs' Privilege Log Entry No. | Date of Document | Con Edison's Description of Document | Privilege Description Sentence (Plaintiffs' Privilege Log) | Privilege Type (Plaintiffs' Privilege Log) | Con Edison's Issue(s) with Plaintiffs' Privilege Assertion | Categories | Number of Entries with the Identical Description on Plaintiffs' Current Privilege Log (3.5.2015) |
|---|---|---|---|---|---|---|---|---|
| PL_00545032 | P16651 (attachment to P16650) | January 19, 2014 | Executed letter from the Manhattan Community Board Four to Anthony Borelli (Edison) regarding HLP Properties presentations about the site remediation plan. | Letter reflecting confidential attorney-client communications with Jennifer Coghlan* regarding remediation issues. | AC | There was no reasonable basis for claiming that a communication between non-lawyers (members of the City of New York Manhattan Community Board Four) and Anthony Borelli (Edison) is deserving of attorney-client privilege. | Third-Party Document | 28 |
| PL_00545765 | P20259 (cover to P20260) | May 4, 2012 | Email from Christine Leas (Sive Paget) to Mat Davis (Edison), Larry Perez (Edison), Joel Landes (Langan), Jeff Gracer (Sive Paget), and Jennifer Coghlan (Sive Paget) stating that attached is the Remedial Work Plan and Decision Document from the NYSDEC. | Email providing confidential legal advice regarding remediation issues. | AC | The email does not provide, seek, or reflect any legal advice. It simply forwarded an executed letter received from a state regulator (NYSDEC). There was no reasonable basis for withholding this document. | NYSDEC Document | 1944 |
| PL_00545767 | P20260 (attachment to P20260) | May 4, 2012 | Executed letter from Michael J. Ryan (NYSDEC) to Gary DeBode (Edison) with an executed copy of the NYSDEC Decision Document, dated May 2012, enclosed. | Letter reflecting a request for legal advice from Christine Leas* regarding remediation issues. | AC | A public, executed decision from a state regulator, the NYSDEC, is not a privileged document. Further, neither the cover letter nor the decision document reflect any legal advice from Christine Leas. Therefore, there was no reasonable basis for withholding this document. | NYSDEC Document | 6 |
| PL_00547305 | P27840 (cover to P27841) | July 18, 2007 | Email from Paul Lipof (Edison) to Same Dilcer, Andy D'Amico, and Bill Kelsey (Hunter Roberts Construction Group), copying Joel Landes (Langan), Jeff Gracer (Sive Paget), and Alicandri (Hunter Roberts Construction Group), about the impact of remediation alternatives on the project schedule for the HLP Site. "Attached is the list of site-wide alternatives for the remediation." | Email reflecting confidential attorney-client communications regarding remediation issues. | AC | The email is directed towards several Hunter Roberts Construction Group employees and simply states that it is attaching a "list of site-wide alternatives for the remediation." The email was sent to a third party; one attorney was only copied on the email; there is no evidence that legal advice was sought, provided, or reflected in the document; and the forwarded attachment was prepared by a third party (Arcadis/BBL). Therefore, there was no reasonable basis for withholding this document. | Third-Party Document | 1717 |
| PL_00547306 | P27841 (attachment to P27840) | July 18, 2007 | Chart from the Arcadis/BBL Alternatives Analysis Report for the HLP Site that lists the remedial alternatives evaluated in the report. | Draft report reflecting confidential attorney-client communications with Jeffrey Gracer* regarding remediation issues. | AC | The chart was prepared by Arcadis/BBL, which Con Edison hired to perform work at the HLP Site.  It is excerpted from a broader report by Arcadis/BBL titled Alternatives Analysis Report. The chart is simply a list of remedial alternatives at the Site and does not reflect any legal advice. There was no reasonable basis for claiming that an excerpt from a report prepared by a Con Edison consultant reflects attorney-client communications and for withholding it on privilege grounds. | Third-Party Document | 10 |
| PL_00547384 | P29750 (cover to P29751) | October 28, 2011 | Email from Andrew Cantor (Edison) to himself attaching two documents. | Email reflecting confidential attorney-client communications with Legal* regarding tax credit issues. | AC | There is no content in the parent email, it simply forwards two documents, and no lawyer is copied. Therefore, there was no reasonable basis for withholding this document. | No Legal Advice Sought or Provided | 1 |
| PL_00547385 | P29751 (attachment to P29750) | October 28, 2011 | Publication by the New York State Department of Taxation and Finance concerning BCP tax credits. | Report reflecting confidential attorney-client communications with Legal* regarding tax credit issues. | AC | This is a publicly available document published by a New York agency as a primer on the BCP tax credits. How Plaintiffs' claimed that this report reflected confidential attorney-client communications is dumbfounding. There was no reasonable basis for withholding this document. | Public Document | 0 |
| PL_00547414 | P29752 (attachment to P29750) | October 28, 2011 | Draft, prepared by Con Edison, of the West 17th Street Development Site Cooperation and Settlement Agreement. | Draft agreement reflecting confidential attorney-client communications regarding negotiations with Con Edison. | AC | According to the subject line of the cover email, this document is the latest "Con Ed Draft" of the settlement agreement. This draft does not reflect confidential attorney-client communications and merely sending it internally does not justify withholding it for privilege. Therefore, Plaintiffs had no reasonable basis to have claimed privilege over this document. | Con Edison Document | 109 |

| Beginning Bates No. of Produced Document | Plaintiffs' Privilege Log Entry No. | Date of Document | Con Edison's Description of Document | Privilege Description Sentence (Plaintiffs' Privilege Log) | Privilege Type (Plaintiffs' Privilege Log) | Con Edison's Issue(s) with Plaintiffs' Privilege Assertion | Categories | Number of Entries with the Identical Description on Plaintiffs' Current Privilege Log (3.5.2015) |
|---|---|---|---|---|---|---|---|---|
| PL_00540865 | P5650 | March 28, 2007 | Executed letter from Jam Consultants to Douglass Sarini (Edison) that proposes consulting services in connection with the HLP Site's Residential Project. | Printout of letter containing handwritten notes reflecting confidential attorney-client communications with Legal* regarding development issues. | AC | Plaintiffs claimed that a proposal for consulting services is privileged because it contains "handwritten notes" reflecting confidential attorney-client communications.  But the only handwritten note says "F6 Highline." And even if that note was somehow privileged, it could have easily been redacted instead of being withheld in its entirety. There was no reasonable basis for withholding this document. | Third-Party Document | 1 |
| PL_00541213 | P7624 (attachment to P7623) | February 22, 2012 | Langan Engineering invoice for services rendered between December 31, 2011 and January 27, 2012 on the West 17th Street Development Project. | Report reflecting a request for legal advice from Jennifer Coghlan* regarding remediation issues. | AC | Plaintiffs claimed that a third-party invoice reflects legal advice. The tasks performed all relate to remedial measures performed at the HLP site. There is no indication that legal advice was sought, provided, or reflected in the document. Therefore, there was no reasonable basis for withholding this document on privilege grounds. | Third-Party Document | 26 |
| PL_00541659 | P8395 (attachment to P8392) | April 14, 2006 | Executed letter from Charles McGuckin (Remedial Engineering P.C.) to Eddy Louie (Con Edison) regarding the Revised Perimeter Barrier Wall Design for the HLP Site. | Letter reflecting confidential attorney-client communications with Christine Leas* and Mark Chertok* regarding remediation issues. | AC | Plaintiffs claimed that an executed letter addressed to a Con Edison employee was privileged. There is no evidence of legal advice being sought, provided, or reflected in the document. Further, any existing privilege was waived upon delivery to a third party (this letter also appears in Arcadis' document production). Therefore, there was no reasonable basis for withholding this document. | Con Edison Document | 2 |
| PL_00542070 | P8774 | September 10, 2013 | Email exchange between Bill Nellen (Alliant Insurance) and Christine Leas (Sive Paget) about changing the time of the "Edison PLL Underwriting/Engineering Call (17th St & 18th Street Project) - Langan and AIG Participating." The email does not contain any substantive information about the call or its agenda. | Email requesting information for the purpose of providing legal advice regarding remediation issues. | AC | This is an email chain between Plaintiffs' counsel and a third-party insurance company. No legal advice is sought, provided, or reflected in the document. The fact that a call did or did not occur is not privileged information under any circumstances. Further, the subject of the call suggests that two additional third parties, Langan and AIG, were to participate. There was no reasonable basis for withholding this document on privilege grounds. | Insurance Document | 300 |
| PL_00542339 | P9086 (attachment to P9084) | October 17, 2012 | Hunter Roberts Construction Group document entitled "Post Schematic Estimate Foundation Study,"  which states that it was revised for the August 2007 AAR-Property Wide Alternate VIII.  It provides a cost estimate for proposed work on the "Highline Towers" project at the HLP Site. | Report reflecting a request for legal advice from Christine Leas* regarding investigation or remediation costs/damages. | AC | This is a document from a third party construction group that provides a cost estimate for proposed work at the HLP Site. There is no attorney-client communication and no legal advice is sought, provided, or reflected therein.  Therefore, there was no reasonable basis for withholding this document. | Third-Party Document | 1 |
| PL_00544002 | P12345 | June 4, 2007 | Calendar invite for an internal HLP meeting regarding the Highline Clean-Up Remedy. It lists required attendees (Gary Dorin, Gary DeBode, Steve Nislick, Paul Lipof, Bill Kelsey, Jeff Gracer (Sive Paget), Joel Landes (Langan), Kevin Barrett (Hunter Roberts)) and optional attendees (Mercedes Mejia, Victoria Morrison, Michael Field, Erik Rose). The calendar invite does not provide any additional information about the meeting. | Email requesting legal advice regarding remediation issues. | AC | Regardless of what was discussed at the meeting, there was no reasonable basis for withholding a calendar invite. It states only that meeting will address the Highline Clean-Up Remedy and it does not provide any privileged information about the meeting or its agenda. That this meeting occurred is not privileged information. Further, the calendar invite shows that both a Langan representative and Hunter Roberts representative were required to attend, which waives any applicable attorney-client privilege over the contents of the meeting. | Administrative Document | 2278 |

| Beginning Bates No. of Produced Document | Plaintiffs' Privilege Log Entry No. | Date of Document | Con Edison's Description of Document | Privilege Description Sentence (Plaintiffs' Privilege Log) | Privilege Type (Plaintiffs' Privilege Log) | Con Edison's Issue(s) with Plaintiffs' Privilege Assertion | Categories | Number of Entries with the Identical Description on Plaintiffs' Current Privilege Log (3.5.2015) |
|---|---|---|---|---|---|---|---|---|
| PL_00544769 | P14630 (attachment to P14629) | January 19, 2011 | Chart reflecting the proposed remediation schedule for the HLP Site. | Chart reflecting a request for legal advice from Jeffrey Gracer* regarding remediation issues. | AC | There was no reasonable basis for claiming that a proposed remediation schedule for the HLP Site contains privileged information. This is another example of Plaintiffs claiming privilege over non-privileged materials because they are attachments to a presumably privileged email. However, the attachments themselves should have been produced unless they contained evidence of the legal advice that was sought/provided in the parent email. | No Legal Advice Sought or Provided | 16 |
| PL_00544789 | P15051 (attachment to P15050) | March 11, 2010 | Citation from the NYC Commissioner of the Department of Buildings for an illegal outdoor advertising sign at the HLP Site. Violation Number 34825745M. | Report reflecting a request for legal advice from Mark Geraghty* and Patrick Kilduff* regarding development issues. | AC | There was no reasonable basis for claiming the issued violation notice was privileged. This is another example of Plaintiffs claiming privilege over non-privileged materials because they are attachments to a presumably privileged email. However, the attachments themselves should have been produced unless they contained evidence of the legal advice that was sought/provided in the parent email. | Public Document | 0 |
| PL_00544975 | P15959 (cover to P15960) | April 26, 2011 | Email chain with attachment from Andrew Cantor (Edison) to Gary DeBode (Edison), copying Victoria Morrison (Edison) and Mat Davis (Edison), forwarding email from Joel Landes (Langan) to the NYSDEC. | Email requesting legal advice regarding application to the VCP/BCP. | AC | Neither cover email chain nor attachment contain any request for legal advice, the cover email is simply forwarding a letter between two third parties (Joel Landes (Langan) and the NYSDEC). Therefore, there was no reasonable basis for withholding this document. | NYSDEC Document | 208 |
| PL_00544976 | P15960 (attachment to P15959) | April 26, 2011 | Attached letter from Langan to Richard Dana (NYSDEC) regarding next steps on the 17th Street Development Project. | Letter reflecting a request for legal advice regarding application to the VCP/BCP. | AC | Neither cover email chain nor attachment contain any request for legal advice, the cover email is simply forwarding a letter between two third parties (Joel Landes (Langan) and the NYSDEC). Therefore, there was no reasonable basis for withholding this document. | NYSDEC Document | 1 |
| PL_00545308 | P18751 (cover to P18752) | March 14, 2007 | Email from Tony Pinto (Edison) to Edison's Accounting, Legal, Engineering, Operational Services, and Revenue Control Departments, among others, stating that attached is the updated construction project with spent-to-date amounts by project. | Email requesting legal advice regarding development issues. | AC | The email was distributed to many non-legal departments and it does not request legal advice from any of the attorney recipients. It simply disseminates information about various construction project costs. It does not indicate in any way that legal advice was sought, provided, or reflected. Therefore, there was no reasonable basis for withholding this document on privilege grounds. | No Legal Advice Sought or Provided | 480 |
| PL_00545309 | P18752 (attachment to P18751) | March 14, 2007 | Spreadsheet detailing the Edison 2007 Capital Expenditures summary. | Spreadsheet reflecting a request for legal advice from Gary Dorin* and Victoria Morrison* regarding development issues. | AC | The capital expenditures summary was distributed widely within Edison for non-legal purposes. It reflects up-to-date costs for various construction projects. This information is non-privileged and there was no reasonable basis for withholding it. | No Legal Advice Sought or Provided | 14 |
| PL_00545310 | P18826 (cover to P18827) | November 7, 2012 | Email from Larry Perez (Edison) to Gary DeBode (Edison), copying Mat Davis (Edison), Gary Dorin (Edison), Joel Landes (Langan), Michael Burke (Langan), and Gerald Nicholls (Langan), stating that attached Posillico's revised proposal for the HLP Site for DeBode's review. | Email reflecting a request for legal advice regarding remediation issues. | AC | The email does not specifically request legal advice and is primarily directed to the attention of non-lawyer Gary DeBode (Edison) for the purpose of reviewing a technical environmental report. Attorneys are only copied on the email and there is no request for legal advice. Therefore, there was no reasonable basis for withholding this document. | Third-Party Document | 255 |
| PL_00545312 | P18827 (attachment to P18826) | November 7, 2012 | Posillico's Bid Proposal for Interim Remedial Measures for the HLP Site, dated May 2012. | Report reflecting a request for legal advice from Gary Dorin* regarding remediation issues. | AC | The cover email does not specifically request legal advice and it is directed to the attention of non-lawyer Gary DeBode (Edison) for the purpose of reviewing a technical environmental report. The attached document is technical in nature and it does not require legal advice to review. Therefore, there was no reasonable basis for withholding this document. | Third-Party Document | 6 |

| Beginning Bates No. of Produced Document | Plaintiffs' Privilege Log Entry No. | Date of Document | Con Edison's Description of Document | Privilege Description Sentence (Plaintiffs' Privilege Log) | Privilege Type (Plaintiffs' Privilege Log) | Con Edison's Issue(s) with Plaintiffs' Privilege Assertion | Categories | Number of Entries with the Identical Description on Plaintiffs' Current Privilege Log (3.5.2015) |
|---|---|---|---|---|---|---|---|---|
| PL_00545459 | P19098 | August 13, 2007 | Email from Erik Rose (Edison) to Jeff Gracer (Sive Paget), Joel Landes (Langan) to Bill Kelsey (Edison), Paul Lipof (Edison), Gary Dorin (Edison), and Sam Dilcer (Hunter Roberts), copying Donna Polgar (Edison), about scheduling a meeting to discuss remediation. | Email reflecting confidential attorney-client communications with Jeffrey Gracer* regarding remediation issues. | AC | The email chain does not reflect confidential information communicated between attorney and client, but instead is a scheduling discussion with no indication that legal advice was being sought or conveyed. Therefore, there was no reasonable basis for withholding this document. | Third-Party Document | 169 |
| PL_00548432 | P32769 | July 3, 2013 | Meeting invite entitled "NYSDEC Kick Off Meeting," which states that the required attendees are Gary Dorin (Edison), Jennifer Coughlan (Sive Paget), Joel Landes (Langan), Larry Perez (Edison), Lee Kaplan (Posillico), and Gerald Nicholls (Langan). In the invite, it states that Jennifer Coghlan was copied "so you know that it is happening. I told Dick that we will not have legal representation at this meeting." | Meeting notice reflecting confidential attorney-client communications regarding remediation issues. | AC | This meeting invite includes Jennifer Coghlan (Sive Paget) but has no substantive content about the meeting. It specifically states that Coghlan was copied on the email as a courtesy and that legal representation will not be present at the meeting. The fact that this meeting occurred is not privileged information. The invite does not reflect a confidential attorney-client communication and there was no reasonable basis for withholding it. | Administrative Document | 24 |

# EXHIBIT 3

To Con Edison's April 6, 2015
Letter to the Court

-----Original Message-----
From: Somekh, Sogol [mailto:SSomekh@cahill.com]
Sent: Monday, March 09, 2015 11:01 AM
To: Amass, Tyler H.
Cc: Mastro, Randy M.; Rearden, Jennifer H.; Herrmann, Gabriel; SPR:Gracer, Jeff; SPR:Chorost, D.;
SPR:Coghlan, Jennifer; EJ Counsel:Kavaler, T; Owen, David; Lyakhovetsky, Maryana
Subject: RE: HLP v Con Ed - Plaintiffs' Privilege Claims

Ty -

As you are aware, we asked you for a chart so that we could determine what changes you made to your
privilege log and whether the 4,673 documents you produced on February 27, March 3, and March 5
had previously been withheld for privilege or were being produced for the first time now or for some
other reason.  We stated that this was a condition to receiving Con Edison's privilege logs in Excel for-
mat.  Instead of being cooperative and providing us with a comprehensive list, you provided us with a
chart that you state is "a list of documents removed from the log."  However, it does not reflect all of
the changes to your privilege log and we have no way of telling whether it is accurate.  For instance,
PL_00537217, PL_00538410, and PL_00537126 were produced on February 27, but are not on your
chart. We made a deal. When you perform as agreed, so will we.  That is the meaning of a condition.

Moreover, your document production cover letters fail to identify which documents you are producing
for the first time, because they were previously withheld for privilege, or for some other reason.  You
should have produced these documents months ago and in advance of  depositions that are now largely
complete. Your tactic of producing materials on a schedule  that prevents Con Edison from analyzing and
using them in depositions is transparent gamesmanship.

The only thing driving up the parties' litigation costs is your continued refusal to provide this basic in-
formation and your insistence on driving the parties to discovery disputes like these before the
Court.  We are entitled to the information we requested below and you agreed to provide. If you fail to
provide it, we too will have no choice but to seek relief from the Court.

Sogol


Sogol Somekh | Associate
Cahill Gordon & Reindel LLP
80 Pine Street, New York, NY 10005
t: +1.212.701.3446 | f: +1.212.378.4477 | SSomekh@cahill.com


-----Original Message-----
From: Amass, Tyler H. [mailto:TAmass@gibsondunn.com]
Sent: Tuesday, March 10, 2015 12:21 AM
To: Somekh, Sogol
Cc: Mastro, Randy M.; Rearden, Jennifer H.; Herrmann, Gabriel; SPR:Gracer, Jeff; SPR:Chorost, D.;
SPR:Coghlan, Jennifer; Kavaler, Thomas J.; Owen, David; Lyakhovetsky, Maryana
Subject: RE: HLP v Con Ed - Plaintiffs' Privilege Claims

Sogol,

Contrary to your claim below, we were not aware of why you requested "a list, by Bates number and corresponding 'P' number, of the documents you have taken off your log and have recently produced," nor is the undisclosed intent of your request relevant.  I am at a loss to understand how you can possibly claim that we have failed to "perform as agreed" when we have given you the exact information you requested, in the exact form you requested.  If you wanted something else, you should have asked for something else.

We will not consider new requests for additional information until after you comply with your outstanding obligation to produce Con Ed's logs in excel format.

Ty

Tyler H. Amass

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1801 California Street, Denver, CO 80202-2642 Tel +1 303.298.5712 • Fax +1 303.313.2861
TAmass@gibsondunn.com • www.gibsondunn.com


-----Original Message-----
From: Somekh, Sogol [mailto:SSomekh@cahill.com]
Sent: Tuesday, March 10, 2015 11:36 AM
To: Amass, Tyler H.
Cc: Mastro, Randy M.; Rearden, Jennifer H.; Herrmann, Gabriel; SPR:Gracer, Jeff; SPR:Chorost, D.; SPR:Coghlan, Jennifer; EJ Counsel:Kavaler, T; Owen, David; Lyakhovetsky, Maryana
Subject: RE: HLP v Con Ed - Plaintiffs' Privilege Claims


Ty -

We find it incredible that you can assert that you did not understand that Con Edison would want to know what the origins are of the documents you have produced in the past two weeks or would want a comprehensive list of the changes to Plaintiffs' log.  In addition, you appear to have - and do not dispute below - produced both documents previously withheld for privilege and documents that are unrelated to the privilege issue that are apparently produced for the first time after the close of fact discovery.

Once again, we ask you to provide us with a chart that identifies all of the documents that you produced on February 27, March 3 and March 5 that relate to Plaintiffs' privilege log - whether they were "removed" entirely from the log, changed from "withheld" to redacted, or changed in some other way in accordance with the request below in the email I sent on Friday March 6th.

As to the documents that Plaintiffs produced for the first time that were not previously withheld for privilege (in whole or in part), we demand an explanation as to the timing of this belated production.

2

Please confirm by the end of today that you will comply with these requests and that you will produce this information by close of business this Thursday March 12th or we will be forced to seek appropriate relief from the Court.  We are requesting that you comply with this reasonable deadline (you have had this information since at least February 27 when you made the first production) because discovery is concluded, Plaintiffs' conduct has already set Con Edison at a significant disadvantage, and any further delay is unacceptable.

So that you cannot continue to resist providing this basic information to which we are entitled for an unrelated and bogus reason, we will provide you with Con Edison's privilege logs in Excel format by email today.

Sogol


Sogol Somekh | Associate
Cahill Gordon & Reindel LLP
80 Pine Street, New York, NY 10005
t: +1.212.701.3446 | f: +1.212.378.4477 | SSomekh@cahill.com

_____

**From:** Amass, Tyler H.
**Sent:** Wednesday, March 11, 2015 11:54 AM
**To:** 'Somekh, Sogol'
**Cc:** Mastro, Randy M.; Rearden, Jennifer H.; Herrmann, Gabriel; SPR:Gracer, Jeff; SPR:Chorost, D.; SPR:Coghlan, Jennifer; EJ Counsel:Kavaler, T; Owen, David; Lyakhovetsky, Maryana
**Subject:** RE: HLP v Con Ed - Plaintiffs' Privilege Claims


Sogol,

Now that you have produced Con Ed's logs in excel format, as you previously agreed to do and should have done last week, we are willing to address your request for additional summaries of the information we have provided.  Notwithstanding that you have all the information necessary to create the lists you have requested, in an effort to avoid further dispute:

We have provided you with a list, by "P" number and Bates number, of all previously withheld documents that were removed from Plaintiffs' log and produced, *see* PL_00548592;

We will provide you with a list, by "P" number and Bates number, of all previously withheld documents that remain on Plaintiffs' log because they were recently produced to you in redacted form; and

We will provide you with a list, by "P" number and Bates number, of previously redacted documents that were recently produced in a corrected format with some, but not all, redactions removed.  (In addition, we have learned that our recent productions also included copies of certain redacted documents from our earlier productions as to which the redactions have

3

not changed, and that therefore require no additional review by Con Edison; this list will identify those documents as well).

You have also asked us to identify documents that "Plaintiffs produced for the first time that were not previously withheld for privilege (in whole or in part)."  On Tuesday, February 24, we discovered for the first time that a single box of hardcopy documents had inadvertently been omitted from the initial collection of documents in response to Con Ed's document requests.   We received those documents on Wednesday, February 25, and reviewed and produced non-privileged, responsive documents therein to you on February 27.  *See* PL_00537185 through PL_00538981.  While preparing Plaintiffs' revised privilege log for production and conducting a re-review of Plaintiffs' privileged documents in response to your recent requests, we identified certain documents from that hardcopy box that had been inadvertently withheld from our February 27 production as privileged.  Those documents, bearing Bates numbers PL_00548444 through PL_00548590, were produced to you on March 5.

Ty

**Tyler H. Amass**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1801 California Street, Denver, CO 80202-2642
Tel +1 303.298.5712 • Fax +1 303.313.2861
TAmass@gibsondunn.com • www.gibsondunn.com

4