GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Randy M. Mastro
Direct: +1 212.351.3825
Fax: +1 212.351.5219
RMastro@gibsondunn.com

May 13, 2015

VIA ECF

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/13/15
```

The Honorable Lorna G. Schofield
U.S. District Court, Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *HLP Props., LLC et al. v. Consol. Edison Co. of N.Y.*, No. 14-CV-1383 (LGS) (S.D.N.Y)

Dear Judge Schofield:

I write to respond briefly to yet another of Mr. Kavaler's over-the-top letters, complaining this time about search terms for Plaintiffs' limited post-closing document production. In a thinly-veiled attempt to achieve by overbroad search terms and time frames what the Court already rejected, Mr. Kavaler spins another of his tall tales about the parties' supposed "meet-and-confer" negotiations, and as is his wont, he has once again involved the Court prematurely and overreached in requesting such sweeping discovery. He calls us "obstructionist" for rejecting his overbroad proposals, when, in reality, we bent over backwards to accommodate him, balking only at the lengthy search period he demanded. But Mr. Kavaler leaves out of his letter to the Court that we essentially offered to use all of the search terms he last proposed to us (he's now snuck in some new ones here), and we have, in fact, used those very terms and are now poised to complete our production this week. His shocking lack of candor with the Court, while, by now, all too familiar, has once again unnecessarily burdened Your Honor and forced our clients to incur the additional costs of having to respond to yet another of his vexatious applications. On that basis alone, the Court should summarily reject Mr. Kavaler's latest request.

To understand how Con Edison has approached this process, Your Honor need look no further than Mr. Kavaler's astonishing position on the date range that should apply to the limited post-closing discovery ordered by the Court: nearly five years, extending back to "the date of the [Brownfield Cleanup Agreement]." In urging this position, despite previously conceding the propriety of an early 2014 start date, Mr. Kavaler cites Plaintiffs' supposed "conversations with potential buyers well before April 2014." May 12 Letter at 3. But the Court already has rejected Mr. Kavaler's repeated requests for this overbroad discovery regarding any potential purchaser at any time, ruling, instead, that Plaintiffs need only produce "documents . . . regarding" certain "communications" with the buyer who closed on the purchase of the Site last week, and with certain specific bidders: only those "who progressed to the term-sheet stage whose bid exceeded the buyer's bid in terms of offering price." Dkt. 253. Importantly, the "conversations" Mr. Kavaler cites in his letter concerned deals that were abandoned long ago, and the "potential buyers" are not parties that participated in the current marketing of the Site.[1] Against this backdrop, our proposed date range—from April 1, 2014, when the marketing process that led to last week's sale of the property began, through the closing—is surely appropriate.

---

[1]  Mr. Kavaler also claims, without supporting his bald assertion, that "Con Edison has reason to believe that . . . the Buyer and Plaintiffs were in discussions . . . regarding developing the Site no later than October 2013." May 12 Letter to the Court at 3. We are not aware of any such discussions.

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Hong Kong • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

With respect to Mr. Kavaler's application to extend the post-closing discovery schedule, based, in part, on his strained argument that "buyer and bidder terms" must be "receive[d], review[ed], and negotiate[d]" (when, in fact, this information is of minimal relevance, if any, and these names and numbers are largely self-explanatory), the Court need not extend the discovery schedule any further, nor should it.  Con Edison has delayed its day of reckoning long enough.  Moreover, as we told Mr. Kavaler last week, in an effort to resolve this dispute, we offered to adopt all of his overbroad search terms on the condition that he agree to our proposed date range.  Mr. Kavaler never even showed us the courtesy of a response to that eminently reasonable proposal, rushing, instead to Your Honor to now press for more expansive search terms and date ranges than he last proposed in our "meet-and-confer."  That is the epitome of bad faith, and the Court should have none of it.  We nevertheless have kept up our end and will be making our post-closing production later this week, based on the search terms attached to Mr. Kavaler's letter to the Court,[2] but covering the period from April 1, 2014, to the present.

For all of these reasons, we respectfully request that the Court summarily reject Mr. Kavaler's latest gambit in its entirety, but if considered further, we would appreciate the opportunity to fully respond to Mr. Kavaler's letter of yesterday.

Respectfully,

  /s/ Randy M. Mastro
Randy M. Mastro

cc: All counsel of record


The parties shall jointly call Chambers on May 14, 2015, at 4:30 p.m.  No additional submission on this issue will be accepted.  SO ORDERED.
Dated:  May 13, 2015
        New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

---

[2]  We have adopted Con Edison's search terms, except we have not substituted "bid!" for "bidder!", which Con Edison requested for the first time in yesterday's application to the Court, and which alone would require us to have to review several thousand more documents without any likely appreciable increase in the number of relevant documents produced.  In any event, at Con Edison's insistence, Plaintiffs already have added "purchaser!" "buyer!" and "bidder!" to capture instances in which the Buyer and the relevant bidders may not have been referred to by name.  Including "bid!" as opposed to "bidder!" simply makes no sense, as neither the buyer nor the relevant bidders would ever be referred to as "bid."