**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Jennifer H. Rearden
Direct: +1 212.351.4057
Fax: +1 212.351.5284
JRearden@gibsondunn.com

Client: 26313-00016

May 26, 2015

VIA ECF

The Honorable Lorna G. Schofield
United States District Court, Southern District of New York
40 Foley Square
New York, New York  10007

Re: *HLP Props., LLC, et al. v. Consol. Edison Co. of N.Y.*, No. 14-CV-1383 (LGS)

Dear Judge Schofield:

In accordance with Your Honor's May 20, 2015 order (Dkt. 262), I write regarding the redactions proposed in connection with Con Edison's letters submitted on May 12, 2015 ("May 12 Letter"), May 13, 2015 ("May 13 Letter"), May 18, 2015 ("Defendant's May 18 Letter"), and May 20, 2015 ("May 20 Letter"), as well as Plaintiffs' letter submitted on May 18, 2015 ("Plaintiffs' May 18 Letter").  I also write, pursuant to Paragraph 21 of the Protective Order dated October 20, 2014, Dkt. 117 (the "Protective Order," which incorporates the Court's Individual Rule I(C)(3)), regarding the proposed redactions in Con Edison's letter submitted to chambers on May 14, 2015 ("May 14 Letter").

May 12 Letter & Plaintiffs' May 18 Letter

Plaintiffs respectfully request that the Court (1) direct Con Edison to apply its proposed redactions to page 3 of the May 12 Letter and footnote 11 of Exhibit A thereto[1] and (2) approve Plaintiffs' proposed redactions to Exhibit 2 to their May 18 Letter.  The proposed redactions to these documents relate to (a) confidential information regarding Plaintiffs' non-public negotiations with various third parties concerning the potential sale of the Site—including, but not limited to, information regarding bids submitted during the 2014 marketing process that led to the recent sale of the Site; (b) Plaintiffs' marketing strategies concerning the sale of the Site; and (c) non-public terms of the contract of sale into which Plaintiffs ultimately entered with the winning bidder.  The specific terms of sale set forth in the contract of sale for the Site, as well as the terms of other bidders' bids and Plaintiffs' strategic considerations in connection with the sale of the Site, are non-public matters that, if revealed, could cause substantial harm to Plaintiffs and/or the third parties at issue.  It is common practice in the commercial real-estate industry—and an expectation among market participants—that the identities of bidders expressing an interest in property, as well as the terms of the transactions they propose, will remain confidential even after the conclusion of the marketing process for a particular property.  *See* R.

---

[1]  Plaintiffs do not request confidential treatment of the name of the entity that purchased the Site or of the purchaser's counsel.  Accordingly, the penultimate sentence of the paragraph at the top of page 3 of the May 12 Letter, and footnote 2 of Exhibit A to that letter, can be filed on the public docket without any redaction.

GIBSON DUNN

Mastro Dec. 28 Ltr. to the Court at 2.  Likewise, although the recent closing on the sale of the Site is now a matter of public record, the complete terms of the contract of sale remain confidential at this time.  Plaintiffs have ongoing business dealings in the real-estate market, and public disclosure of these confidential matters could subject Plaintiffs to substantial prejudice by discouraging future transaction counterparties from engaging in negotiations with Plaintiffs.  Thus, Plaintiffs respectfully request that the Court direct the filing of these submissions in redacted form, as proposed by the parties.

May 13 Letter

Upon review of Con Edison's proposed redaction to the May 13 Letter, which relates to a term in the contract of sale, and without prejudice to any future proposals to redact Confidential Information from filings as may be necessary and appropriate, Plaintiffs have concluded that this document can be filed on the public docket without any redaction.  Although the terms of the contract of sale are confidential, the specific reference thereto in this submission does not reveal confidential information requiring redaction.  Accordingly, Plaintiffs request that the Court direct Con Edison to file the May 13 Letter in unredacted form.

May 14 Letter

Upon review of Con Edison's proposed redactions to the May 14 Letter, which relate to Plaintiffs' privilege log, and without prejudice to any future proposals to redact Confidential Information from filings as may be necessary and appropriate, Plaintiffs have concluded that the May 14 Letter and its Exhibit A can be filed on the public docket in unredacted form.  Although the documents discussed in the privilege log entries referenced in the May 14 Letter are in many cases confidential, the specific references to the privilege log in this submission do not reveal confidential information requiring redaction.  Accordingly, Plaintiffs request that the Court direct Con Edison to file the May 14 Letter in unredacted form.

Defendant's May 18 Letter

Plaintiffs propose redacting Exhibit A to Con Edison's May 18 Letter in its entirety and respectfully request that the Court approve this proposed redaction.  Exhibit A is a document produced by Plaintiffs on a confidential basis, pursuant to the Protective Order, that contains detailed information concerning the terms of certain bidders' bids for the purchase of the Site, including that of the ultimate purchaser.[2]  As discussed above, in light of market expectations of confidentiality in deal negotiations, disclosure of such non-public information concerning the transaction terms proposed by bidders interested in purchasing the Site could substantially prejudice Plaintiffs in connection with future efforts to negotiate other real-estate transactions.  Accordingly, Plaintiffs respectfully request that Exhibit A to Con Edison's May 18 Letter be

---

[2] In accordance with Your Honor's April 8 order, when we produced this document in discovery, we redacted material "regarding [certain] communications with" bidders other than the two who had "progressed to the term-sheet stage" and "whose bid[s] exceeded the buyer's bid in terms of offering price that reflect or relate to valuation, remediation or proposed purchase price of the property."  Apr. 8 order, Dkt. 253.  In fully unredacted form, Exhibit A to Con Edison's May 18 Letter reveals the terms of *all* bidders' bids for the purchase of the Site as of September 15, 2014.

**GIBSON DUNN**

redacted from the publicly filed version of that letter.  Plaintiffs have concluded, however, that the content of the May 18 Letter itself does not reveal any of the specific confidential information reflected in Exhibit A and, therefore, that the text of the May 18 Letter can be filed on the public docket without any redaction.

Defendant's May 20 Letter

Finally, Plaintiffs respectfully request that the Court direct Con Edison to apply its proposed redactions to the May 20 Letter because it contains confidential, *privileged* information regarding Plaintiffs' communications with their outside counsel.  Con Edison's inclusion of the highlighted material in this letter was undertaken in blatant violation of the Protective Order, which requires that, "[u]pon receipt of the Notice of Recall, a party shall use reasonable efforts to *promptly destroy or return . . .* all copies of the Inadvertently Disclosed Information and *refrain from reviewing the same for any purpose*."  Dkt. 117 ¶ 20(c) (emphasis added); *see Crissen v. Gupta*, No. 2:12-CV-00355-JMS, 2014 WL 1431653, at *5 (S.D. Ind. Apr. 14, 2014) (awarding costs because, "[o]nce Banco Popular demanded in writing that Mr. Crissen's counsel return the inadvertently produced documents, Mr. Crissen's counsel was obligated—even if he disagreed with the reasons for the recall—to return all copies of the document and not to use the documents, or information gleaned from them, until the Court had decided the issue").  In the May 20 order, Your Honor rejected Con Edison's request, in effect, to be able to use this recalled document.  Dkt. 262 at 2 ("Defendant's request to be relieved of their obligations under Paragraph 20(c) of the Protective Order is DENIED.").  Hence, it remains recalled.  To permit filing of the May 20 Letter on the public docket would allow an end-run around the recall process established by the Protective Order and properly invoked by Plaintiffs here.  Accordingly, Plaintiffs respectfully request that Your Honor direct Con Edison to redact the confidential, privileged content in the May 20 Letter, which Mr. Kavaler should not have reviewed at all, let alone detailed in a letter submitted to Your Honor.

Respectfully,

  /s/ Jennifer H. Rearden
Jennifer H. Rearden

cc: All counsel of record